IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. LYNCH, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | Nos. 18-CV-2179 |
| KEVIN CAHILL, CHERYL MARZIANI, FRANK HAY, and JOHN DOE, | : | |
| Defendants. | : | |

**MEMORANDUM**

**Joyner, J.**                                             December 19, 2018

Before the Court are Defendant Kevin Cahill's Motion to Revoke Plaintiff's Pauper Status and Dismiss for Failure to State a Claim (Doc. No. 26), Plaintiff's Response thereto (Doc. No. 36), Defendants Hay's and Marziani's Motion to Dismiss (Doc. No. 31), as well as Plaintiff's Motion for Discovery (Doc. No. 33), Plaintiff's Motion to Invoke the Ongoing Tort Principle of Law to the Defendant Respondeat Superior (Doc. No. 35), and Plaintiff's Motion for Appointment of Counsel (Doc. No. 37). For the following reasons, the Motions to Dismiss are GRANTED; the Motion to Revoke Plaintiff's Pauper Status is DENIED; and Plaintiff's Motions are DENIED as MOOT.

I.  BACKGROUND

This case arises from incidents and altercations involving Plaintiff Lynch and his former upstairs neighbors which resulted in state court litigation and Lynch's convictions on several criminal charges. On June 27, 2018, this Court granted Plaintiff leave to file an amended complaint as to certain civil claims in this action including a Fourth Amendment claim against Detective Cahill, a Fourth Amendment claim against John Doe, and four state law claims against Hay and Marziani. (Doc. Nos. 6 and 7).[1]

## II. LEGAL STANDARD

Plaintiff has been granted *in forma pauperis* status. (Doc. No. 6 at 11). Accordingly, we consider whether his Amended Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B), which we assess by the same plausibility standard applicable to Fed. R. Civ. P. 12 (b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, "we construe a pros se plaintiff's pleadings liberally." Phillips v. Northampton Co., P.A., 687 F. App'x 129, 131 (3d

---

[1] The facts of this case are set forth in this Court's Memorandum granting Plaintiff leave to file an amended complaint in this case (Doc. No. 6). Therefore, the Court will only discuss facts relevant to the pending motions to dismiss.

2

Cir. 2017). "We may consider documents that are attached to or submitted with the complaint [including] matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). A "public record" specifically includes criminal case dispositions. See J/H Real Estate Inc. v. Abramson, 901 F. Supp. 952, 955 n.3 (E.D. Pa. 1995).

**III. DISCUSSION**

Since 2008, not including the current action, Plaintiff Lynch has filed at least 11 actions in the United States District Court for the Eastern District.[2] Additionally, since 2016, Plaintiff Lynch has filed five actions against Defendants Hay and Marziani in state court.[3] In the instant litigation, we find that Plaintiff has failed to plead sufficient facts to support his allegations of malicious prosecution and false arrest. We also find that Plaintiff's Amended Complaint merely repeats the Fair Housing Act claims that this Court dismissed in our June

---

[2] See Lynch v. City of Phila., 408 F. App'x 527 (3d Cir. 2011); Lynch v. City of Phila., No. 08-4780, 2009 U.S. Dist. LEXIS 43397 (E.D. Pa. May 20, 2009); ECF No. 08-04918; ECF No. 10-02472; ECF No. 10-03346; ECF No. 11-03579; Lynch v. City of Phila., 440 F. App'x 117 (3d Cir. 2011); ECF No. 14-04414; ECF No. 15-03064.

[3] Lynch v. Hay & Weaver (aka Marziani), Court of Common Pleas Phila No. 160701409; Lynch v. City of Philadelphia, Hay & Weaver (aka Marziani), Court of Common Pleas Phila No. 160900957; Lynch v. Hay, 2224 EDA 2016, Superior Court of Pennsylvania; Lynch v. Hay & Marziani, 449 EDA 2017, Superior Court of Pennsylvania; Lynch v. Hay & Marziani, 1968 EDA 2017, Superior Court of Pennsylvania.

3

27, 2018 Memorandum and Order.  Lastly, we find that Plaintiff's remaining state law claims for filing false police reports are barred by the Pennsylvania Court of Common Pleas' order not to file civil litigation against Hay and Marziani who were witnesses in Plaintiff's criminal cases.  Finally, in light of Plaintiff's pattern of filing litigation that has been dismissed as frivolous, or for failure to state a claim, we order Plaintiff to show cause as to why his *in forma pauperis* status should not be revoked for abuse of the privilege.

A. Claims Against Defendant Cahill

Plaintiff's Amended Complaint ("AC") asserts two claims against Defendant Cahill.  First, he alleges malicious prosecution under Pennsylvania law.  AC at ¶43 (Doc. No. 23).[4]  We agree with Defendant Cahill that Plaintiff has failed to allege the three elements required for malicious prosecution; namely that "the underlying proceedings terminated favorably to the accused" and that "the defendant caused those proceedings to be instituted without probable cause; and with malice."  Junod

---

[4] In our June 27, 2018 Memorandum, we addressed the same malicious prosecution claims under §1983 that Plaintiff repeats in his Amended Complaint.  AC at ¶45.  In that Memorandum, we dismissed those claims as barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) because Plaintiff Lynch's convictions were intact at the time of his Complaint, therefore they did not "imply the invalidity of the plaintiff's conviction."  Jennings v. Fetterman, 197 F. App'x 162, 164 (3d Cir. 2006). The convictions are still intact.  As we previously held, "public dockets reflect that Lynch's convictions have not been reversed, expunged, or otherwise invalidated, so none of his claims challenging his convictions are currently cognizable under § 1983."  (Doc. No. 6 at 19).

4

v. Bader, 458 A.2d 251 (1983). Plaintiff has not pled a favorable termination of his prosecution. He alleges that "the aggravated assault, terrorist threats, and reckless endangerment charges of 9-26-16 [were] disposed in his favor." AC at ¶43. Not so. Instead, Mr. Lynch was found guilty for simple assault for his actions related to the September 26, 2016 incident. The fact that he was not found guilty for reckless endangerment and aggravated assault, though was found guilty of simple assault, does not satisfy the threshold element of favorable termination. "A resolution clearly adverse to the accused. . . such as a conviction. . .denies [Plaintiff's] status of being wrongly accused and so diminishes the likelihood of his proving lack of probable cause or malice that our courts will promptly dismiss the malicious prosecution action." Junod, 458 A.2d at 253.

Second, Plaintiff's Amended Complaint alleges false arrest by Defendant Cahill under 42 U.S.C. §1983. AC at ¶29. This claim arises from an alleged incident in which Plaintiff pepper-sprayed Defendant Hay in retaliation for Hay having touched decorations in Plaintiff's home. Id. at ¶27. Plaintiff alleges that when Hay was treated at a hospital for the effects of the spray incident, Cahill "wrote up" an affidavit that allegedly contained "false and incomplete information and was sub-par not taking into account . . . Hay's violation of the [restraining

5

order resulting from a prior incident between Hay and Lynch]." Id. at ¶29.

To successfully plead false arrest under §1983, a plaintiff must "point to facts suggesting that Defendant [Cahill] lacked probable cause to believe he had committed the offense for which he was arrested." Godfrey v. Pennsylvania, 525 F. App'x 78, 81 (3d Cir. 2013) (citing Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988); Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1197 (3d Cir. 1993)). See Morrison v. Schultz, 270 F. App'x 111 (3d Cir. 2008) (explaining that to plead §1983 false arrest, a plaintiff must show "'by a preponderance of the evidence: (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary to the finding of probable cause."'" (quoting Wilson v. Russo, 212 F.3d 781 (3d Cir. 2000))).

Here, Plaintiff has not alleged what information in Defendant Cahill's affidavit was false. Instead, Plaintiff alleges that Defendant Cahill spoke with Defendant Hay while Hay was in the hospital, and that Hay told Cahill that Plaintiff had sprayed Hay with bug spray. Under Merkle, Defendant Cahill's reliance on Hay's report about Plaintiff's conduct, corroborated

6

by Hay's presence in a hospital where he was receiving treatment for the effects of Plaintiff's conduct (spraying him), suffices the requirements for probable cause. Where a police officer possesses "knowledge of a credible eyewitness . . . a reasonable jury could not find that [he] lacked knowledge of sufficient facts to establish probable cause to arrest." Morrison v. Schultz, 270 F. App'x 111 (3d Cir. 2008) (quoting Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 790 (3d Cir. 2000)). Although Plaintiff has not even alleged that Defendant Cahill lacked probable cause because he failed to interview other witnesses to corroborate Hay's report that Plaintiff sprayed him, "a credible report from [a victim] who witnessed the alleged crime . . . alone sufficiently established probable cause. [Defendant Cahill] was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed." Merkle, 211 F.3d at 791 n. 8. Thus, we dismiss Plaintiff's claims against Defendant Cahill for false arrest under §1983.

B. Claims against Defendants Hay and Marziani

Defendants Hay and Marziani ask us to dismiss Plaintiff's Amended Complaint on three grounds. First, they argue that Plaintiff's federal claims against them under the Fair Housing Act, 42 U.S.C. §3613 ("FHA"), and 28 U.S.C. §1983, should be dismissed because this Court already dismissed those claims with

7

prejudice. We agree. In our June 27, 2018 Memorandum we dismissed Plaintiff's FHA claims because Plaintiff had failed to allege facts establishing that he was discriminated against on the basis of membership in a protected class or disability; nor did he allege that he was retaliated against for exercising his rights under the FHA. "Instead, the Complaint reveals that Lynch and his upstairs neighbors simply did not get along and behaved badly toward each other, but the animosity among them and [Plaintiff's landlord] Zwicharowski's ultimate eviction of Lynch do not equate to a violation of the [FHA] based on the facts pled in the Complaint." (Doc. No. 6 at 17). We also dismissed Plaintiff's claims under §1983 because they did not plausibly suggest that Defendants Hay and Marziani "conspired with law enforcement, prosecutors, or judges for the purpose of evicting Lynch from his home. He fails to allege any facts supporting the existence of an agreement among the Defendants to do him harm." Id. at 18.

Here, Plaintiff's Amended Complaint repeats the facts alleged in his original complaint. Plaintiff seems to suggest that he was evicted because of his status as a recipient of Section 8 housing benefits. AC at ¶¶2-3. The "law-of-the-case" doctrine instructs that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." ACLU v. Mukasey, 534 F.3d

8

181, 187 (3d Cir. 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). Plaintiff has not established any "extraordinary circumstances" that would warrant revisiting our prior decision dismissing his FHA and §1983 claims with prejudice. New evidence is not available; a supervening new law has not been announced; and the earlier decision was not clearly erroneous and has not created manifest injustice. See Pub. Interest Research Grp. v. Magnesium Elektron, 123 F.3d 111 (3d Cir. 1997) (citing Bridge v. United States Parole Com., 981 F.2d 97 (3d Cir. 1992)). Therefore, Count I of Plaintiff's Amended Complaint alleging FHA violations by Defendants Hay and Marziani is dismissed.

Plaintiff's remaining claims against Defendants Hay and Marziani that we did not already dismiss with prejudice in our June 27, 2018 Order (Doc. No. 6) are state law claims. As part of Plaintiff's sentence for his conviction for terroristic threats, retaliation against a witness or victim while a criminal case was pending, and two counts of simple assault, see Ex. A at 4, Ex. B at 5, Ex. C, Def. Hay and Marziani Mot., (Doc. No. 31-2),[5] the Pennsylvania Court of Common Pleas ordered Plaintiff not to file civil suits against the witnesses from those criminal cases. Therefore, Plaintiff's claims against

---

[5] See Commonwealth v. Lynch, CP-51-CR-0000611-2017 (Lynch found guilty of terroristic threats and simple assault). See Commonwealth v. Lynch, CP-51-CR-0000182-2017 (Lynch found guilty of simple assault).

9

Defendants Hay and Marziani are in violation of the state court's order prohibiting such litigation.  Furthermore, the Third Circuit has upheld orders enjoining Plaintiffs from engaging in a pattern of "groundless and vexatious litigation." Chipps v. U.S.D.C. for M.D. of PA, 882 F.2d 72, 74 (3d Cir. 1989).  Thus, we dismiss Plaintiff's state law claims, Counts II and III, alleging Hay and Marziami filed a false police report against Plaintiff on November 28, 2016, and that Hay assaulted Plaintiff the same day.  AC at ¶¶34-36.

C. Plaintiff's *in forma pauperis* status

Defendant Cahill asks us to revoke Plaintiff Lynch's *in forma pauperis* status.  Plaintiff Lynch has filed at least three civil actions in a United States District Court that were dismissed because they failed to state a claim or were frivolous.  See Lynch v. City of Phila., 408 F. App'x 527 (3d Cir. 2011) (affirming district court's grant of summary judgment for City of Philadelphia); see Lynch v. City of Phila., No. 08-4780, 2009 U.S. Dist. LEXIS 43397 (E.D. Pa. May 20, 2009) (dismissing Plaintiff's claims for failure to state a claim); see Lynch v. Bailey, et al, No. 10-03346, Doc. No. 4 (dismissing complaint as frivolous); see Lynch v. City of Phila., 2011 U.S. App. LEXIS 15617 (3d. Cir. 2011) (affirming district court's dismissal for failure to state a claim); see Lynch v. City of

Phila, No. 15-3064, Doc. No. 2 (dismissing Plaintiff's complaint as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i)).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, 'is designed to ensure that indigent litigants have meaningful access to the federal courts.'" Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). At the same time, a federal court has "discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege." Aruanno v. Davis, 168 F. Supp. 3d 711, 715 (D.N.J. 2016). See Martin v. D.C. Court of Appeals, 506 U.S. 1 (1992) (denying *in forma pauperis* where plaintiff had "abused" the privilege by filing 11 frivolous petitions for certiorari, where only one was arguably meritorious). Under the "three strikes rule," codified in 28 U.S.C.A. §1915 (g), Congress granted courts the discretion to revoke an indigent party's *in forma pauperis* status where a prisoner has "abused the privilege." Aruanno, 168 F. Supp. at 715.

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  Even in cases where an indigent defendant is a non-prisoner, courts have found abuse of the *in forma pauperis* privilege to be grounds for revocation.  See <u>In re McDonald</u>, 489 U.S. 180, 184 (1989) (denying *in forma pauperis* status to a non-prisoner who would not be deterred by the "financial considerations – filing fees and attorneys' fees – that deter other litigants from filing frivolous petitions.").  We note that Plaintiff Lynch has not shown that he is in "imminent danger of physical injury" ("dangers which are about to occur at any moment or are impending," <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001)), so as to qualify for the endangerment exception of §1915(g) where a court otherwise inclined to revoke a vexatious litigant's *in forma pauperis* status after the prisoner had incurred two, but not yet three, strikes under §1915 (g), would preserve the privilege.  <u>Butler v. DOJ</u>, 377 U.S. App. D.C. 141, 492 F.3d 440, 443 (2007).

The Supreme Court has articulated the courts' "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice.  The continual processing of petitioner's frivolous requests. . . .does not promote that end."  <u>In re McDonald</u>, 489 U.S. at 185.  Therefore, we order Plaintiff Lynch, within thirty days, to show cause why his *in forma pauperis* status should not be revoked on the ground

12

that he has abused the privilege. See Aruanno, 42 F. Supp. 3d at 624.

D. Plaintiff's Other Pending Motions

Upon consideration of Plaintiff's Motion for Discovery (Doc. No. 33), Plaintiff's Motion to Invoke the Ongoing Tort Principle of Law to the Defendant Respondeat Superior (Doc. No. 35), and Plaintiff's Motion for Appointment of Counsel (Doc. No. 37), and in light of this Memorandum dismissing the claims underlying those motions, Plaintiff's pending motions in this case are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss are GRANTED; Defendant Cahill's Motion to Revoke Plaintiff's Pauper Status is DENIED; and Plaintiff's Motions are DENIED as MOOT. An accompanying Order will follow.